## Case No. 7,059.

### The IONIC.

[5 Blatchf. 538.] [1]

Circuit Court, S. D. New York. Nov. 21, 1867.

Thomas J. Glover, for libellant.
Charles Donohue, for claimant.

NELSON, Circuit Justice. There were several articles in the libellant's trunk which are not comprehended within the meaning of the term "baggage," as expounded in determining the extent of the liability of the carrier, such as a gold watch and chain, of the value of $471, gold ornaments for presents, of the value of $450, and American coin, to the amount of $60. The rest of the contents were wearing apparel, and comes fairly within the carrier's liability.

But a point was made on the part of the defence, in the court below, which controlled the judgment of that court and led to a dismissal of the libel. It is this: At the time the libellant left the vessel at the quarantine, in company with the captain and another passenger, he was inquired of by the captain if he had any money in his trunk, to which he replied that he had not anything but clothing. The object of this inquiry was apparent, and must have been well understood by the libellant, namely, that if he had money or other valuable articles in his trunk, they ought to be taken care of. The

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

answer was disengenuous and tended to mislead the captain, who, if the truth had been stated, might, and probably would, have protected his vessel from the responsibility for the loss, by putting the trunk in a place of security. I concur, therefore, with the court below, and affirm the decree.